IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

BETH CREIGHTON, individually and on behalf of all others similarly situated, )
)
)
      Plaintiff, )  Case No. 05-482-KI
)
  vs. )  OPINION AND ORDER
)
BLOCKBUSTER, INC., a Delaware corporation, )
)
)
      Defendant. )

    Andrew Kierstead
    1001 S. W. 5th Avenue, Suite 1100
    Portland, Oregon 97204

    Phil Goldsmith
    222 S. W. Columbia Street, Suite 1600
    Portland, Oregon 97201

        Attorneys for Plaintiff

John F. Neupert
Miller Nash, LLP
111 S. W. Fifth Avenue, Suite 3400
Portland, Oregon  97204

Robert C. Walters
Marc A. Fuller
Michael L. Raiff
Vinson & Elkins, LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201

    Attorneys for Defendant

KING, Judge:

Plaintiff Beth Creighton brings a class action lawsuit alleging violations of the Oregon Unlawful Trade Practices Act, unjust enrichment and fraud by concealment against Blockbuster, Inc. ("Blockbuster").  Before me is Blockbuster's Motion to Compel Individual Arbitration (#11) and Motion to Certify Question to the Oregon Supreme Court (#28).  In addition, plaintiff has requested leave to file an additional declaration (#36).

## BACKGROUND

Plaintiff alleges that Blockbuster's "End of Late Fees" and "No More Late Fees" advertising campaign failed to disclose that Blockbuster continues to charge a late fee, called a restocking fee, if the customer fails to return the video within seven days of its due date.  Plaintiff was charged this restocking fee.  Plaintiff seeks the return of this fee on her own behalf, and on behalf of other Oregon Blockbuster customers, or the $200 statutory minimum penalty.

Blockbuster provides a summary of events that have occurred since plaintiff filed her lawsuit on March 4, 2005.  The advertisements promoting Blockbuster's new policy prompted an

investigation by the attorneys general of forty-seven states. On March 23, 2005, Blockbuster entered into an Assurance of Voluntary Compliance ("AVC"), in which Blockbuster specifically denied the allegations but agreed to take measures to fully resolve the dispute. Pursuant to the AVC, customers who had been charged a restocking fee, and who returned the video, could obtain a refund. Blockbuster asserts that the AVC was well-published, including in the *Oregonian*.

Plaintiff additionally explains that the AVC requires Blockbuster to make refunds under normal circumstances only to customers who made a written claim within thirty days after the public announcement of the AVC. Blockbuster had no obligation to inform customers about the refund process. Blockbuster was simply required to have information on hand to respond to customer inquiries. Plaintiff never received notice of her right to seek a refund. Finally, the AVC states it is not to be "construed . . . to deprive . . . any customer or other persons or entity of any right to pursue any available remedy or remedies pursuant to applicable law." Neupert Dec., Ex. A at 5.

## DISCUSSION

I.      Plaintiff's Additional Declaration

Plaintiff has requested leave to file an additional declaration in support of her opposition to Blockbuster's motion to compel arbitration. Plaintiff asserts that she submitted her second declaration in order to rebut new evidence presented by Blockbuster with its reply on the issue of certifying a specific question to the Oregon Supreme Court. The new evidence presented by Blockbuster came in the form of declarations of two employees from the Blockbuster store where plaintiff opened her account, both of whom state they would not have accepted an altered

application. I accept plaintiff's second declaration as a rebuttal to this evidence. See Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996).

Blockbuster objects to plaintiff's second declaration, contending that it is a sham declaration. A party cannot create an issue of fact by submitting a new declaration contradicting previous testimony. Disc Golf Ass'n., Inc. v. Champion Discs, Inc., 158 F.3d 1002, 1008 (9th Cir. 1998). Affidavits which are inconsistent with prior testimony should be stricken if the court makes a factual determination that the contradictory matter is actually a "sham" and not the result of an honest discrepancy, a mistake, or the result of newly discovered evidence. Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266-67 (9th Cir. 1991).

In plaintiff's first declaration, filed September 12, 2005, plaintiff asserted that because she had obtained her membership with Blockbuster more than three years ago, she did not recall what Blockbuster had asked her to sign. Nevertheless, she states, "[A]t that time and at all subsequent times, it has been my regular practice when presented with a form contract containing an arbitration clause to cross that clause out and initial the change." Creighton Dec. ¶ 2.

Plaintiff's Second Declaration, filed November 4, 2005, states that her memory has been refreshed through recalling the process in opening the account and reviewing the membership application presented by Blockbuster. She now states that she "distinctly recall[s] that I altered the paragraph of the terms and conditions concerning arbitration by inserting the words 'do not' before 'agree' in two instances and initialing these changes." Second Creighton Dec. ¶ 2. Thus, according to plaintiff, the arbitration clause in the membership agreement read, in pertinent part, "you and Blockbuster, Inc. **do not** agree that any claims of these types by either you or Blockbuster, Inc. shall be settled exclusively by binding arbitration governed by the" FAA, and

Page 4 - OPINION AND ORDER

"you further **do not** agree that you will not participate in a class action or class-wide arbitration for any claims covered by this agreement." Id. Plaintiff states she began nullifying arbitration provisions in form agreements after her law firm, in May of 2001, successfully represented a client in avoiding the application of an arbitration clause.

In addition, plaintiff states that she opened her account on September 12, 2002, and she must have done so in the evening because her office records show she was working in Portland that day. She recalls that when she has been in the store where she applied for membership, there have been between three and five employees working. She recalls having to wait for the application, and watching the employee enter information into the computer from the completed application.

Contrary to Blockbuster's assertions, plaintiff's second declaration does not contradict her first declaration. She has not reversed her position that she nullified the arbitration clause. She states in the first declaration that she typically strikes out arbitration clauses in form agreements and in her second declaration she remembers that she added words to the clause, which had the same effect. This is not a reversal of position; it is merely a clarification that came about after plaintiff began to reconstruct the events surrounding her application for Blockbuster membership. Therefore, I grant plaintiff's motion to file an additional declaration.

II.     Motion to Compel Arbitration

Blockbuster has moved to compel plaintiff to participate in arbitration pursuant to an arbitration agreement plaintiff allegedly entered into. The arbitration agreement, typically entered into upon establishing a Blockbuster Membership Account, provides:

> To fairly resolve any dispute arising between you and Blockbuster Inc. regarding your membership, account, fees, any transaction with Blockbuster Inc., or any Blockbuster policies, you and Blockbuster Inc. agree that any claims of these types by either you or Blockbuster Inc. shall be settled exclusively by binding arbitration governed by the Federal Arbitration Act and administered by the American Arbitration Association under its rules for the resolution of consumer-related disputes, or under other mutually-agreed procedures. Because this method of dispute resolution is personal, individual, and provides the exclusive method for resolving such disputes, you further agree that you will not participate in a class action or class-wide arbitration for any claims covered by this agreement.

Membership Application; Dinkens Decl. ¶ 3, Ex. A (emphasis added).

Under the Federal Arbitration Act, the court must determine whether a written arbitration agreement exists, whether the agreement "encompasses the dispute at issue," Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000), and whether the terms are valid and fully enforceable after "apply[ing] general, state-law principles of contract interpretation." Clausen v. Watlow Electric Mfg. Co., 242 F. Supp. 2d 877, 882 (D. Or. 2002).

As an initial matter, plaintiff contends Blockbuster has failed to demonstrate that plaintiff and Blockbuster entered into an agreement to arbitrate. Instead, Blockbuster submits a blank membership application containing an arbitration clause.

Evidence from Blockbuster demonstrates that in order to open an account with Blockbuster, plaintiff as a prospective member must have completed and signed a membership application containing an arbitration clause, identical to the blank membership application submitted with Dinkens' declaration. Accordingly, Blockbuster need not produce the actual, signed copy of the membership application in order to compel arbitration. Tinder v. Pinkerton Security, 305 F.3d 728, 736 (7th Cir. 2002) ("Although § 3 of the FAA requires arbitration agreements to be written, it does not require them to be signed."); Valero Refining, Inc. v. M/T

Lauberhorn, 813 F.2d 60, 63-64 (5th Cir. 1987) ("It is established that a party may be bound by an agreement to arbitrate even in the absence of his signature."); Johnson v. Long John Silver's Restaurants, Inc., 320 F. Supp. 2d 656, 664 (D. Tenn. 2004) (enforcing arbitration agreement where "[i]t is more likely than not that [the plaintiff] signed an agreement to arbitrate on the day he filled out his paperwork" where plaintiff admitted to signing all paperwork).

In addition to complaining about the lack of an agreement, plaintiff asserts that she has a normal practice of striking arbitration clauses from agreements, that she recalls in this instance inserting words in the clause indicating she did not agree to arbitrate disputes, that it was busy the day she applied for her membership, and that the Blockbuster employee who took her application did not question her about it. Therefore, contrary to the cases on which Blockbuster relies, which describe plaintiffs who never claimed to have altered the agreement, plaintiff has raised a genuine issue of fact as to whether she accepted the membership agreement with the arbitration clause intact. See Tinder, 305 F.3d at 735.

Blockbuster offers no evidence from any employee personally familiar with the establishment of plaintiff's membership. It only shows what should have happened under its standard operating procedures, and that two employees who work at the relevant store do not accept altered membership applications.

Looking at the facts in the light most favorable to plaintiff, as I am required to do, an evidentiary hearing to determine whether plaintiff entered into a membership agreement containing an arbitration clause is necessary. 9 U.S.C. § 4 provides that if the "making of the arbitration agreement . . . [is] in issue, the court shall proceed summarily to the trial thereof." That provision also states that plaintiff is entitled to a jury trial.

Page 7 - OPINION AND ORDER

Accordingly, I will deny Blockbuster's Motion to Compel Arbitration at this time. Blockbuster may renew its motion, if appropriate, after a determination is made about whether or not plaintiff agreed to arbitrate her disputes with Blockbuster. I give the parties leave to raise any argument about whether or not the arbitration agreement is unconscionable at that time. Similarly, I deny, with leave to renew, Blockbuster's motion to certify to the Oregon Supreme Court the question of whether an arbitration agreement that contains a class action waiver is enforceable under Oregon law.

## CONCLUSION

Blockbuster's Motion to Compel Individual Arbitration (#11) is denied, with leave to renew. Blockbuster's Motion to Certify Question (#28) is denied, with leave to renew. Since Blockbuster provided the Declaration of Gene Dinkens, Plaintiff's Motion to Strike Portions of Neupert Declaration and Ex. B (#17) is denied as moot. Plaintiff's Motion for Leave to File Additional Declaration (#36) is granted.

The parties shall have until March 6, 2006 to complete discovery on the limited issue of whether plaintiff and Blockbuster entered into an arbitration agreement. The matter will be scheduled for a jury trial, unless a jury is waived, at the telephone status conference on January 5 at 10:00 am.

IT IS SO ORDERED.

Dated this ___9th___ day of December, 2005.

                                          /s/ Garr M. King
                                          Garr M. King
                                          United States District Judge