IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| BETH CREIGHTON, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Case No. 05-482-KI |
| vs. | ) ) | OPINION AND ORDER ON DEFENDANT'S MOTION FOR |
| BLOCKBUSTER INC., a Delaware corporation, | ) ) ) | JUDGMENT AS A MATTER OF LAW |
| Defendant. | ) ) | |

Phil Goldsmith
222 SW Columbia Street, Suite 1600
Portland, Oregon 97201

Karen E. Read
3 Monroe Parkway, Suite P-215
Lake Oswego, Oregon 97035

     Attorneys for Plaintiff

Page 1 - OPINION AND ORDER ON DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

John F. Neupert, P.C.
Miller Nash LLP
3400 U.S. Bancorp Tower
111 SW Fifth Avenue
Portland, Oregon  97204-3699

Michael L. Raiff
Marc A. Fuller
Vinson & Elkins, LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201

    Attorneys for Defendant

KING, Judge:

Plaintiff Beth Creighton brings a class action lawsuit alleging violations of the Oregon Unlawful Trade Practices Act, unjust enrichment and fraud by concealment against Blockbuster, Inc.  Before me is Blockbuster's Motion for Judgment as a Matter of Law (#106).

## BACKGROUND

Plaintiff alleges in her Complaint that Blockbuster's "End of Late Fees" and "No More Late Fees" advertising campaign failed to disclose that Blockbuster continues to charge a late fee, called a restocking fee, if the customer fails to return the video within seven days of its due date.  Plaintiff was charged this restocking fee.

On December 12, 2005, I denied Blockbuster's Motion to Compel Individual Arbitration, with leave to renew.  I determined that a question of fact existed as to whether plaintiff changed her membership agreement with Blockbuster based on a statement in her declaration that she "distinctly recall[s] that I altered the paragraph of the terms and conditions concerning arbitration by inserting the words 'do not' before 'agree' in two instances and initialing these changes."

Page 2 - OPINION AND ORDER ON DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Second Creighton Decl. ¶ 2 (#45). Thus, according to plaintiff, the arbitration clause in the membership agreement read, in pertinent part, "you and Blockbuster, Inc. **do not** agree that any claims of these types by either you or Blockbuster, Inc. shall be settled exclusively by binding arbitration governed by the" FAA, and "you further **do not** agree that you will not participate in a class action or class-wide arbitration for any claims covered by this agreement." Id.

For purposes of this motion, the parties agreed to the following stipulated facts:

Blockbuster records show that plaintiff opened a membership account at the SE 39th and Powell store on September 12, 2002. To open a membership account, all prospective Blockbuster customers are required to complete and sign a pre-printed, form Blockbuster membership application. Plaintiff completed and signed a membership application. The membership application contained the following paragraph:

> To fairly resolve any dispute arising between you and Blockbuster Inc. regarding your membership, account, fees, any transaction with Blockbuster Inc., or any Blockbuster policies, you and Blockbuster Inc. agree that any claims of these types by either you or Blockbuster Inc. shall be settled exclusively by binding arbitration governed by the Federal Arbitration Act and administered by the American Arbitration Association under its rules for the resolution of consumer-related disputes, or under other mutually-agreed procedures. Because this method of dispute resolution is personal, individual, and provides the exclusive method for resolving such disputes, you further agree that you will not participate in a class action or class-wide arbitration for any claims covered by this agreement.

In addition, the third paragraph of the membership application stated:

> Member acknowledges that he/she has received and read a copy of the current Terms and Conditions and Additional Terms and Conditions for BLOCKBUSTER membership and agrees that the membership card(s) issued by Blockbuster Inc. will be used only as provided in such Terms and Conditions and Additional Terms and Conditions.

Page 3 - OPINION AND ORDER ON DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Plaintiff did not make any changes or alterations to this third paragraph of the Terms and Conditions section of the Blockbuster membership application. Blockbuster in-store employees do not have actual authority to open a membership account under terms and conditions that are different from those stated on the pre-printed, form Blockbuster membership application. Blockbuster no longer retains plaintiff's signed membership application. On September 12, 2002, Blockbuster corporate policies established a 90-day minimum retention period for signed membership applications.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 50(a)(1) provides:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

Accordingly, judgment as a matter of law is proper if the "facts are sufficiently clear that the law requires a particular result." Weisgram v. Marley Co., 528 U.S. 440 (2000) (quoting 9A C. Wright & A. Miller, Federal Practice and Procedure § 2521 (2d ed. 1995)).

## DISCUSSION

I.  The Legal Effect of Plaintiff's Alteration to the Blockbuster Membership Agreement

For purposes of this motion, both parties agree that plaintiff made changes to the arbitration clause as she described in her Second Declaration and in her deposition. Blockbuster contends that if she altered the arbitration clause, there is no basis for a juror to conclude that plaintiff's conduct would reasonably have notified Blockbuster of such a counteroffer. See

Page 4 - OPINION AND ORDER ON DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Pokorny v. Williams, 199 Or. 17, 35, 260 P.2d 490 (1953) ("A secret unexpressed intention is of no avail, as against evidence manifesting to the other party an intention to accept"). In addition, Blockbuster points out the parties stipulated that Blockbuster clerks do not have actual authority to open a membership account under terms and conditions different from those stated on the membership application. Furthermore, because plaintiff testified in her deposition that she did not form a belief as to whether Blockbuster in-store employees have the authority to negotiate the terms and conditions of membership, she cannot rely on a theory of apparent authority.

Relying on Small v. Paulson, plaintiff responds that because she amended the membership application, she in effect rejected Blockbuster's offer, leaving no written contract in place. According to that case, "[t]he insertion of new and different terms amounts in legal effect to rejection of the offer." 187 Or. 76, 85, 209 P.2d 779 (1949). Plaintiff contends she had no duty to point out the alterations and, under the "duty to read" doctrine, the company cannot rely on its failure to see the changes as a defense. See Northwestern Pacific Indemnity Co. v. Junction City Water Control Dist., 295 Or. 553, 557 n.4, 668 P.2d 1206 (1983) ("In the absence of extraordinary circumstances, such as fraud or contracts of adhesion in a consumer context, failure to read an instrument is not a defense."). According to plaintiff, Blockbuster could have rescinded plaintiff's membership once it reviewed the application, but it did not.

Oregon subscribes to the objective theory of contracts. Thus,

> whether the parties entered into an agreement does not depend on whether the parties had the same subjective understanding of their agreement, that is, on whether their "minds met" on the same understanding. Rather, it depends on whether the parties agreed to the same, express terms of the agreement, and on whether those terms constitute an enforceable agreement.

Page 5 - OPINION AND ORDER ON DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

City of Canby v. Rinkes, 136 Or. App. 602, 611, 902 P.2d 605 (1995). To determine if a contract exists, the court examines "the parties' objective manifestations of intent, measured by whether a reasonable person would construe a promise from the words and acts of the other." Wooton v. Viking Distributing Co., Inc., 136 Or App. 56, 59, 899 P.2d 1219 (1995).

Plaintiff is correct that a counter-offer acts as a rejection of the initial offer. However, I find as a matter of law that no reasonable juror could conclude that plaintiff made a valid counter-offer.[1] Since the original membership application has been destroyed, I have reviewed a version on which plaintiff reproduced the changes she made. Inside the box labeled Terms and Conditions, plaintiff wrote "do not" before the terms that would require her to arbitrate her disputes with Blockbuster, and would limit her ability to participate in a class action. Next to the words "do not," plaintiff placed her initials. These interlineations are very small. Indeed, at quick glance the changes do not appear to the eye at all. Plaintiff did not circle the changes, did not bracket them, did not place her initials in the margin of the agreement, and did not strike out the entire provision. Although plaintiff testified that she thought the changes were obvious, she also testified as follows:

Q:     . . . When you alter an arbitration clause, do you want to make sure the other side sees it and agrees to your changes?

A:     I don't really care if they see it or not.

Creighton Dep. Excerpts 118:22-25, Mar. 24, 2006. Later, she testified,

---

[1]For this reason, I do not find persuasive the case to which plaintiff referred in a letter dated November 22, 2006. General Steel Corp. v. Collins, 196 S.W.3d 18, 20 (Ky. App. 2006) involved a "clear and deliberate obliteration of the arbitration provision."

Page 6 - OPINION AND ORDER ON DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Q:      Were you at all trying to make sure your changes were big enough for the Blockbuster employees to notice it?

A:      No.

Id. at 145:18-21.

Apart from the very small changes to the arbitration provision, plaintiff did nothing to draw attention to her counter-offer. Plaintiff, a lawyer, did not ask whether she could change the agreement or point out the changes she had made. She testified at her deposition that the Blockbuster employee probably did not notice the alterations. Her conduct did not reasonably put the company on notice of her changes to the terms. Accordingly, no reasonable person could find that, by her alterations and conduct, plaintiff objectively informed Blockbuster that she had replaced Blockbuster's offer with her counter-offer.

I also reject plaintiff's argument, in this circumstance, that Blockbuster had a duty to read the changes plaintiff made to the pre-printed, form membership application. As Blockbuster points out, the doctrine applies when the contracting party is aware an offer is being made. See Knappenberger v. Cascade Ins. Co., 259 Or. 392, 399, 487 P.2d 80 (1971) (insured knew endorsement she was being asked to sign constituted an offer). If through her conduct, plaintiff had made the Blockbuster employee aware of her counter-offer, the employee would have had a duty to read the alterations. Indeed, even the Restatement of Contracts notes that, "The termination of the power of acceptance by a counter-offer merely carries out the usual understanding of bargainers that one proposal is dropped when another is taken under

Page 7 - OPINION AND ORDER ON DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

consideration; if alternative proposals are to be under consideration at the same time, warning is expected." Restatement (Second) of Contracts § 39 cmt. a (1981).

In summary, because no reasonable juror could conclude that plaintiff's objective manifestations were sufficient to present her counter-offer, I grant Blockbuster's motion for judgment as a matter of law. Accordingly, plaintiff is bound by all the terms of the membership application, including the arbitration provision.

II.     General Terms and Conditions Provision

Blockbuster alternatively argues that because plaintiff failed to strike the general paragraph summing up the terms and conditions, and because she repeatedly used her membership card, she is bound by the arbitration provision.

Plaintiff responds that her modification of the arbitration provision altered the terms of Blockbuster's offer, rejecting the offer in its entirety. The third paragraph is, therefore, irrelevant.

Since I find that plaintiff's counter-offer failed, plaintiff is bound by all the terms and conditions of the membership application, including the arbitration provision.

///

///

///

Page 8 - OPINION AND ORDER ON DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

## CONCLUSION

Blockbuster's Motion for Judgment as a Matter of Law (#106) is granted. The parties should confer and contact the court with a date for a status conference to discuss further proceedings in the case.

IT IS SO ORDERED.

Dated this  28th  day of November, 2006.

                                                   /s/ Garr M. King
                                                 Garr M. King
                                                 United States District Judge