IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| BETH CREIGHTON, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Case No. 05-482-KI |
| vs. | ) ) | OPINION AND ORDER |
| BLOCKBUSTER INC., a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) ) | |

Phil Goldsmith
222 SW Columbia Street, Suite 1600
Portland, Oregon  97201

Karen E. Read
3 Monroe Parkway, Suite P-215
Lake Oswego, Oregon  97035

      Attorneys for Plaintiff

-and-

Page 1 - OPINION AND ORDER

John F. Neupert, P.C.
Miller Nash LLP
3400 U.S. Bancorp Tower
111 SW Fifth Avenue
Portland, Oregon  97204-3699

Michael L. Raiff
Marc A. Fuller
Vinson & Elkins, LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201

       Attorneys for Defendant

KING, Judge:

      Plaintiff Beth Creighton brings a putative class action lawsuit alleging violations of the

Oregon Unlawful Trade Practices Act, unjust enrichment and fraud by concealment against

Blockbuster, Inc.  Before me are the parties' supplemental briefs on Blockbuster's renewed

Motion to Compel Arbitration (#127, #132).  In addition, I have received letters from both parties

dated March 22, April 11, April 12, April 13, April 16, and April 17, 2007, regarding subsequent

case authority on the briefed subject matter.[1]

## BACKGROUND

      Plaintiff alleges in her Complaint that Blockbuster's "End of Late Fees" and "No More

Late Fees" advertising campaign failed to disclose that Blockbuster continues to charge a late fee,

called a restocking fee, if the customer fails to return the video within seven days of its due date.

Plaintiff was charged this restocking fee.

---

     [1]In addition, I consulted the parties' initial briefing on Blockbuster's Motion to Compel
Individual Arbitration (#11).

Blockbuster removed this action to federal district court based in part on the Class Action Fairness Act of 2005 ("CAFA"), Pub.L. No. 109-2, § 9, 119 Stat. 4, 14 (2005) (codified at 28 U.S.C. § 1332 (d) (2007)).

On December 12, 2005, I denied Blockbuster's Motion to Compel Individual Arbitration, with leave to renew. I determined that a question of fact existed as to whether plaintiff altered the arbitration provision in her membership agreement with Blockbuster. According to plaintiff, the arbitration clause in the membership agreement read, in pertinent part, "you and Blockbuster, Inc. **do not** agree that any claims of these types by either you or Blockbuster, Inc. shall be settled exclusively by binding arbitration governed by the" FAA, and "you further **do not** agree that you will not participate in a class action or class-wide arbitration for any claims covered by this agreement." Opinion and Order at 4-5 (Dec. 12, 2005).

On November 28, 2006, I granted Blockbuster's Motion for Judgment as a Matter of Law based on a number of facts to which the parties stipulated for purposes of the motion, including that plaintiff made the changes described above. Plaintiff argued that her alterations to the arbitration provision constituted a counter-offer to Blockbuster–a membership agreement without a requirement to arbitrate disputes. I concluded that no reasonable person could find that plaintiff's objective manifestations notified Blockbuster of the counter-offer.

Accordingly, the arbitration provision at issue here provides:

To fairly resolve any dispute arising between you and Blockbuster Inc. regarding your membership, account, fees, any transaction with Blockbuster Inc., or any Blockbuster policies, you and Blockbuster Inc. agree that any claims of these types by either you or Blockbuster Inc. shall be settled exclusively by binding arbitration governed by the Federal Arbitration Act and administered by the American Arbitration Association under its rules for the resolution of consumer-related disputes, or under other mutually-agreed procedures. Because this method

of dispute resolution is personal, individual, and provides the exclusive method for resolving such disputes, you further agree that <u>you will not participate in a class action or class-wide arbitration for any claims covered by this agreement.</u>

Decl. of Marc Fuller in Supp. of Blockbuster's Mot. to Compel Individual Arbitration, Ex. 1 (emphasis added).

## LEGAL STANDARDS

The Federal Arbitration Act (FAA), 9 U.S.C. § 1 <u>et seq</u>., was enacted "to reverse the longstanding judicial hostility to arbitration agreements." <u>Gilmer v. Interstate/Johnson Lane Corp.</u>, 500 U.S. 20, 24 (1991). The United States Supreme Court has concluded that the FAA demonstrates a "liberal federal policy favoring arbitration agreements." <u>Id.</u> at 25 (citing <u>Moses H. Cone Memorial Hospital v. Mercury Construction Corp.</u>, 460 U.S. 1, 24 (1983)).

Under the Federal Arbitration Act, the court must determine whether a written arbitration agreement exists, whether the agreement "encompasses the dispute at issue," and whether the terms are valid and fully enforceable after "applying general, state-law principles of contract interpretation." <u>Wagner v. Stratton Oakmont, Inc.</u>, 83 F.3d 1046, 1049 (9th Cir. 1996).

## DISCUSSION

The only issue raised in the briefing is whether Blockbuster's arbitration provision is unconscionable because it makes individual arbitration the exclusive remedy for disputes, and explicitly prohibits class actions or class-wide arbitration.

An arbitration agreement can be invalidated if it is unconscionable. <u>Doctor's Associates, Inc. v. Casarotto</u>, 517 U.S. 681, 687 (1996). The Oregon Court of Appeals considers both procedural unconscionability (contract formation) and substantive unconscionability (contract terms), and identifies a number of factors to consider.

> The primary focus . . . appears to be relatively clear:  substantial disparity in bargaining power, combined with terms that are unreasonably favorable to the party with the greater power may result in a contract or contractual provision being unconscionable.  Unconscionability may involve deception, compulsion, or lack of genuine consent, although usually not to the extent that would justify rescission under the principles applicable to that remedy.  The substantive fairness of the challenged terms is always an essential issue.

Vasquez-Lopez v. Beneficial Oregon, Inc., 210 Or. App. 553, 567, 152 P.3d 940 (Or. App. 2007) (citations omitted).  Therefore, the court should evaluate both procedural and substantive unconscionability, but only substantive unconscionability is "absolutely necessary."  Id.

Plaintiff fails to raise a true concern that her agreement to the membership terms was the result of procedural unconscionability.  The fact that the membership agreement may be characterized as a take-it-or-leave-it agreement is indicative, if anything, of unequal bargaining power between Blockbuster and plaintiff.  By itself, that is not enough to demonstrate procedural unconscionability.  Motsinger v. Lithia Rose-Ft. Inc., 211 Or. App. 610, 617, 156 P.3d 156 (2007).

Furthermore, plaintiff does not provide evidence of procedural unconscionability in the way the contract was formed.  Vasquez-Lopez, 210 Or. App. at 567 (citations omitted) ("deception, compulsion, or lack of genuine consent" factors to consider).  Blockbuster did not attempt to hide the provision or incorrectly explain the effect of such a clause.  See id. at 567-69 (plaintiffs were "fundamentally misled by a half-truth" about effect of arbitration provision).  There is also no evidence of compulsion; Creighton may have hurried in signing the documents, but there is no evidence she was precluded from asking questions or that she did not have time to read through the documents.  See Motsinger, 211 Or. App. at 615 (defendant did not use "high pressure tactics").

Page 5 - OPINION AND ORDER

According to Blockbuster, the analysis should stop here. It argues that because plaintiff has not demonstrated procedural unconscionability, the court need not consider whether the arbitration provision is substantively unconscionable. I disagree. Oregon courts carefully consider both prongs, and the court in Vasquez-Lopez specifically stated, "[B]oth procedural and substantive unconscionability are relevant, although only substantive unconscionability is absolutely necessary." Vasquez-Lopez, 210 Or. App. at 567; see also Motsinger, 211 Or. App. at (having found no procedural unconscionability, court went on to analyze substantive unconscionability prong).

With regard to substantive unconscionability, plaintiff points out that the Oregon Court of Appeals recently held unconscionable a provision containing a class-action ban. Vasquez-Lopez, 210 Or. App. at 569-572. Normally, in the absence of authority from the Oregon Supreme Court, the court must predict how the Oregon Supreme Court would rule using Oregon Court of Appeals' decisions as guidance. Vestar Dev. II, LLC v. General Dynamics Corp., 249 F.3d 958, 960 (9th Cir. 2001). Plaintiff argues, however, that the Ninth Circuit requires application of substantive law when a CAFA case has been removed from state to federal court. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1147 (9th Cir. 2007) ("But even after CAFA's enactment, Erie-related doctrines ensure that, for the most part, removal of a CAFA case from state to federal court produces a change of courtrooms and procedure rather than a change of substantive law.").

Regardless of whether I am bound by Vasquez-Lopez pursuant to Erie-related doctrines or am merely required to consider it in predicting how the Oregon Supreme Court would rule, I find the court's analysis of class-action bans to be applicable here. In Vasquez-Lopez, the

Page 6 - OPINION AND ORDER

Oregon Court of Appeals considered the following provision: "No class actions or joiner [sic] or consolidation of any Claim with the claim of any other person are [sic] permitted in arbitration without the written consent of you and me." 210 Or. App. at 570. Considering the small recoveries at issue, and the resulting disincentive to litigate individual claims, the court concluded that the ban on class actions was substantively unconscionable because it "gives defendant a virtual license to commit, with impunity, millions of dollars' worth of small-scale fraud." Id. at 572.[2] Here, plaintiff has at most $200 at stake, the statutory penalty, and there is no reason to think other putative class members have larger claims.

Both parties agree that the court may not sever the offending class-action ban from the arbitration provision. As Blockbuster explains, the prohibition on class arbitration is a central part of the agreement, where the agreement explicitly limits the remedy to individual and personal arbitration, and no severability clause saves the unoffending provisions.

## CONCLUSION

For the foregoing reasons, Blockbuster's arbitration provision is unconscionable, and its renewed motion to compel arbitration (#127) is denied.

IT IS SO ORDERED.

Dated this _____25th_____ day of May, 2007.


_____/s/ Garr M. King_____
Garr M. King
United States District Judge

---

[2]Contrary decisions from this court were issued without the benefit of the Vasquez-Lopez decision. See Barrer v. Chase Bank, USA, N.A., CV 06-415-HU, 2007 WL 1072133 (D. Or. Jan. 23, 2007); Chalk v. T-Mobile USA, Inc., CV 06-158-BR, 2006 WL 2599506 (D. Or. 2006).